In their Opinion and Award the majority finds that plaintiff failed to prove that she contracted a compensable occupational disease as a result of her employment with defendant. I concur with the majority opinion's finding that plaintiff's left ulnar neuropathy was not causally related to work activities but rather was due to plaintiff's positioning while she was asleep. However, I dissent from the remainder of the majority's award denying compensation for plaintiff's bilateral carpal tunnel syndrome.
Plaintiff worked for defendant four days per week for ten hours each day. The majority finds that plaintiff spent 70-85 percent of the workday entering data into the computer. The greater weight of the medical evidence in this case, as shown in the testimony presented by Drs. Rhinehart, Henegar and Pheiffer, indicates that plaintiff's job was a significant causal factor in the development of her carpal tunnel syndrome, even though her diabetes and weight could also be risk factors. All four of the physicians deposed agreed that diabetes does not cause carpal tunnel syndrome, but can make an individual more susceptible to contracting the condition. Drs. Rhinehart, Henegar and Pheiffer also agreed that plaintiff's job with defendant placed her at an increased risk of developing carpal tunnel syndrome as compared to the general public.
The majority have chosen to disregard the greater weight of the medical evidence and instead base their decision on the opinion of Dr. Sanford, defendant's independent medical examiner who saw plaintiff one time. However, even Dr. Sanford agreed that if plaintiff devoted 70-85 percent of her time in a 10-hour day performing data entry, her job was a significant causal factor in the development of the carpal tunnel syndrome.
For the foregoing reasons, I must respectfully dissent in part from the opinion of the majority in this case and would award plaintiff compensation and medical expenses for contraction of the compensable occupational disease of bilateral carpal tunnel syndrome.
 S/_______________ LAURA K. MAVRETIC COMMISSIONER